Gilbert I. Serrano, Sr.,
FSP, "Old Folsom."
P-42238-B1-SAT2-10L°
P.O. Box 950
Folsom, California 95763

RECEIVED OCT 11 2007 RICHARD W. WIEKING CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

FILED RICHARD W. WIEKING CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

Plaintiff, Gilbert I. Serrano, Sr.,
In propia persona...

C 07 5287 SBA (PR)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA.

```
_____
                                )
Gilbert I. Serrano, Sr.,        )
         Plaintiff,             )
                                )
                                )
                                )
                                )
                                )
       v.                       )    "CIVIL RIGHTS COMPLAINT"
                                )
                                )
                                )
                                )    "JURY TRIAL DEMAND"
Correctional Officers; C. B.    )
Romo; Mcguire; Estrada; D.      )
Johnston, CCI;  Dr. J. Dunlap;  )
Correctional Sergeants; Mejia;  )
and Frankina;  Mr. M. C. Kramer,)
("Warden");  Correctional Coun- )
selor II.,  Mr. D. P. Johnson,  )
sued in their individual and    )
official capacities,            )
                                )
          Defendants.           )
_____)
```



Gilbert I. Serrano, Sr.,
FSP, "Old Folsom."
P-42238-B1-SAT2-10L
P.O.Box 950
Folsom, California 95763


Plaintiff, Gilbert I. Serrano, Sr.,
In propia persona...


IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA.

```
_____
                                   )
Gilbert I. Serrano, Sr.,           )
          Plaintiff,               )
                                   )
                                   )
                                   )
     v.                            )    "CIVIL RIGHTS COMPLAINT."
                                   )
                                   )
                                   )
Correctional Officers;  C. B.      )    "JURY TRIAL DEMAND."
Romo; Mcguire; Estrada;  D.        )
Johnston, CCI; Dr. J. Dunlap;      )
Correctional Sergeants;  Mejia;    )
and Frankina; Mr. M. C. Kramer,    )
("Warden");   Correctional Coun-   )
selor II., Mr. D. P. Johnson,      )
sued in their individual and----   )
official capacities,               )
                                   )
          Defendants.              )
_____)
```

(1)

## "PRILIMINARY STATEMENTS"

This is a civil rights action filed by Gilbert I. Serrano, Sr., A state prisoner, at Folsom State Prison, "Old Folsom." The action is for damages and injuctive relief under 42 U.S.C. § 1983, alleging excessive use of force, denial of adequate medical care, in violation of the Eigth Amendment to the United States Constitution. In addition, the illegal confinement of plaintiff in "C" status for (30) days. Upon his arrival to Unit One, he was stripped of his television for (35) days. When his television was returned plaintiff remained in "C" status for (77) days.

While on "C" status, plaintiff was denied of numerous of his civil rights which are guaranteed by the constitution. Plaintiff, was denied the most important established right, the right to Religious Services. Plaintiff, was denied/violated of his Due Process Clause, the First and Fourteenth Amendments to the United States Constitution. Plaintiff, appealed every single issue, the Appeals Coordinator's Office, failed to logged and processed every single 602, submitted by the plaintiff. Plaintiff, alleges in this complaint "negligence" on the Appeals Office Procedures.

## "JURISDICTION"

1) The court has jurisdiction over the plaintiff's claims of violations of federal constitutional rights under 42 U.S.C. §§1331(a) and 1343.

2) The court has supplemental jurisdiction over the plaintiff's state law tort claim under 28 U.S.C. §1367.

### "PARTIES"

3) Plaintiff Gilbert I. Serrano, Sr., Is incarcerated at FSP, "Old Folsom." During the events described in this complaint.

4) Defendant C.B.Romo, is employed at FSP, "Old Folsom." And is being sued in her individual and official capacities, for the direct involvement in plaintiffs' changing of prison positions, which later led to his injuries.

5) Defendants Mcguire and Estrada, are being sued in their individual and official capacities. When plaintiff reported to his new assignment, he was fired by Mcguire. On his way back to the building Estrada confiscated Plaintiffs work card, these events occured on approximately March 12, 2007.

6) Correctional Officer Mcguire, on June 15, 2007, wrote or had someone type a CDCR-115, against Plaintiff for Refusing to Work. He had four months before fired the plaintiff, he is being sued in his individual and official capacities.

7) On June 19, 2007, Mrs. D. Johnston, CCI., Found plaintiff guilty, and gave him (30) days of "C" status. This punishment resulted in the total of (77) days, she is being sued in her individual and official capacities.

(3)

8) Dr. J. Dunlap, has not complied with the 602, procedure, however, in Classification Committee Mrs. Johnston, said that the doctor, called her office, and stated that Serrano (plaintiff), was ready for full duties... Honestly, plaintiff never saw anything in writing... However, has failed to adequately treat plaintiffs' injuries. In fact, plaintiff has performed his own physical therapy. Dr. Torruella, was the only doctor, which gave medication, wrist supports, medical lay-in's, and the light duty chrono, in case plaintiff was to return to work.  Dr. Dunlap, is being sued in his individual and official capacities.

9) During Classification Committee, plaintiff was ordered to serve (30) days of "C" status, moved from Unit V, level II, to Unit I, where plaintiff served the total of (77) days, and with nothing more then violations.  Plaintiff was violated of his right to the Religious Services.  The Religious Service, a established and guaranteed right to all prisoners.  According to Correctional Officers; Foat and Stanstull, the order came directly from Sergeant Frankina. He is being sued in his individual and official capacities.

10) Mr. D. P. Johnston, CCII., Is being sued for failing to logged and processed the numerous of 602's.  Mr. Johnston, has not processed a single 602, from January to September of 2007.  None of the 602, have a log number, as the procedure that other institutions follow, it is a part of an appeal process.  He is being sued in his individual and official capacities.

11) Mr. M. C. Kramer, Warden, is fully awared of this case. Plaintiff, has submitted numerous of these complaints to his office, failed to respond through regular communication. The Director of Corrections was contacted and served with a copy of the complaints. They are responsible for failing to conduct or to review prisoner's claims, especially, when the issues are been served to their office. They are being sued in their individual and official capacities.

12) Mr. M. C. Kramer, Warden, is responsible for reviewing "all" administrative appeals of disciplinary charges filed by inmates. He is being sued in his individual and official capacities.

13) All the defendants mentioned in this complaint have acted, and continue to act, under color of state law at all times relevant to this complaint.

14) From December 2006 to March of 2007, C/O. C. B. Romo, changed Serrano's assignments without any explanation or consent by the plaintiff, her actions later led to the plaintiffs' injuries. She is being sued in her individual and official capacities.

15) On March 12, 2007, Plaintiff injured his right ring finger, activating the wrist injury of 1998. Plaintiff, was again forced to report to another assignment which were the actions of C/O. C. B. Romo. The assignment was at the 5, Count Gate, when he reported to the position, he was instructed by C/O. Estrada, to report to C/O. Mcguire. Mcguire, fired plaintiff for not been able to perform the—

yard crew duties. They are being sued in their individual and official capacities.

16) On June 15, 2007, Defendant Mcguire, at approximately 11:00 am, came to the plaintiff's cell door forcing him to report to work. The order was so bogus and odd, when he had fired plaintiff, on March 12 or 13th, of 2007. He left, and on June 19, 2007, plaintiff reported to a call by the counselor in Unit V. Classification Committee, removed plaintiff from program, etc, and placed him on "C" status. Mrs. D. Johnston, CCI, and C/O. Mcguire, are being sued in their individual and official capacities.

17) On June 19, 2007, plaintiff attended classification committee with Mrs. D. Johnston, CCI, at the end of committee, plaintiff was placed in "C" status. Mrs. D. Johnston, CCI, Is being sued in her individual and official capacities.

18) Approximately (3) days after classification committee, plaintiff was moved to Unit One. Upon arrival, he was stripped of his television by Sergeant Mejia., Then instructed to go to the second tier, the "C" status tier, where plaintiff served (77) days. If rules are to be enforced "why" were the rules enforced on the plaintiff, he was the only inmate without his television!!! Sergeant Mejia, is being sued in his individual and official capacities, also, for favoring only a certain group of inmates.

19) Plaintiff, complained via 602, since January of 2007, and while he was violated in "C" status, the 602's were not processed.

(6)

20) Plaintiff was served with the copy of the CDCR-115, while on "C" status. On July 16, 2007, almost a month later and after he had been placed on "C" status, he was escorted to Unit V, for the CDCR-115, hearing. However, the plaintiff, on June 19, 2007, was found guilty and ordered to serve (30) days of "C" status. Without a warning Sergeant Mejia, confiscated his television, and violation after a violation from there.

21) Classification Committee claimed that Dr. Dunlap, had recommended that the plaintiff was ready for full duties at his assigned job. Plaintiff did not receive the instructions in writing. Plaintiff, confronted Dr. Dunlap, via 602, Dr. Dunlap, failed to respond.

22) According to Correctional Officers; Stanstull and Foat, Sergeant Frankina, gave the orders to block the access to the Religious Services on August 4, and 11, of 2007. Plaintiff, was denied his First and Fourteenth Amendments Rights under the U.S.Constitution. In addition, his right under the Religious Freedom Restoration Act of 1993.

23) Plaintiff, has submitted numerous of 602's from January to September of 2007, where Mr. D. P. Johnson, is in charge of the processing. Mr. Johnson, intentionally has failed to logged and to process the 602's. Having no other alternative, plaintiff submitted a Citizens' Complaint against Mr. Johnson.

24) C/O. C. B. Romo, has the title and duties of a correctional officer "only", however, acts, if she owns the institution. Has used her above and beyond powers, excessive force, and excessive unassigned duties to or against other inmates, as well as against the plaintiff. This woman, will not stop, until she is fully and completely investigated. Her powers and above and beyond duties of a correctional officer are so powerful, that plaintiffs' numerous of 602's against her, were not process by Mr. Johnson, at the appeals office.

25) Mr. Johnson, has failed to place a notice of the abuse conduct of defendant C. B. Romo. He has failed to filed the many complaints and grievances over the many months mentioned in this complaint, and has failed to take disciplinary action against defendant C. B. Romo, or otherwise, to take control of her behavior.

## "DENIAL OF DUE PROCESS"

26) On June 15, 2007, C/O. Mcguire, wrote or had someone write a CDCR-115, against the plaintiff for refusing to work. But, the defendant, is not being sincere with his own-self. Mcguire and Estrada, both fired the plaintiff on early March of 2007. On June 19, 2007, plaintiff was placed on "C" status, and removed from program, etc. On June 25, or approximately of 2007, received the copy of the CDCR-115. On July 16, 2007, was escorted to Unit V, by two officers for the CDCR-115, hearing.

Plaintiff, protested and explained that he was found guilty on June 19, 2007, and sent to "C" status, Unit I. On July 16, 2007, the plaintiff had the CDCR-115, hearing, very odd, when the plaintiff was on "C" status for the alleged refusing to work issue. The Appeals Coordinator's Office, again, has failed to process the 602's. Plaintiff, at this point doesn't know which hearing was correct.!!! The denial of adequate Due Process in this matter has been clearly denied.

27) Pursuant to Prison Procedures, the plaintiff must file an administrative appeal, with the Appeals Coordinator's Office. In this case it would be with Mr. Johnson, CCII. This defendant, however, has denied plaintiff's appeal rights.

28) Mr. Johnson, CCII., Has denied this plaintiff's Appeal Rights from January to September of 2007.

29) Mr. M. C. Kramer, Warden; the appeals office; the litigation department; the personnel board of state; and the Director of Corrections have received a copy of some of the mentioned 602's, or have some type of knowledge of these issues... The defendants in this case have acted in/or under the color of state law.

## "DENIAL OF MEDICAL CARE"

30) Dr. Dunlap, has failed to properly or adequately treat the plaintiff's injuries. Instead, he instructed defendant D. Johnston, that plaintiff/Serrano, was ready for full duties at his assignment.

(9)

However, a much more competent practitioner, Dr. Torruella, placed plaintiff on two type of wrist supports, medication, lay-in's, and a light duty chrono, in case plaintiff returned to work.

31) Classification Committee on June 19, 2007, claimed that Dr. Dunlap, had given instructions to Mrs. D. Johnston, for plaintiff to return to work. If these statements are correct, then Dr. Dunlap, has gone above and beyond the professional treatment and orders of Dr. Torruella, again, denying the adequate medical care for the plaintiff.

32) Since the injuries of March 12, 2007, plaintiff has performed his own physical therapy in the cell or on the yard when allowed. His own medical therapy, when we are in 2007, with state of the art professionals and equip-ment.!!!

33) Plaintiff submitted numerous of medical requests during the critical times of the injuries, and was denied the adequate medical care by Dr. J. Dunlap.

34) Plaintiff, was not referred to a physical therapist. Instead, Dr. J. Dunlap, helped with the corruption from the FSP, Staff mentioned in this complaint. He help committee to find the plaintiff guilty of a bogus CDCR-115, and which resulted in the "C" status placement of the plaintiff. Did, Dr. Dunlap, provide the adequate medical care for the plaintiff.!!!

// // // //
// // // //

35) Plaintiff was in great pain of his arm, wrist, and right ring finger. Defendant Dr. Dunlap, however, went against the professional orders of Dr. Torruella, and help with the "C" status placement of the plaintiff.

36) Plaintiff can use his hand much better, but not, by the professional treatment of Dr. Dunlap, but rather his own physical therapy. The prescribed medication by Dr. Torruella. Dr. Reddy, she found that plaintiff had heart and blood pressure problems. Dr. Dunlap, failed to adequately treat the plaintiff.

37) Plaintiff, has pain and stiff ring finger. This conclusion meets the recent examination of Dr. Torruella.

38) On information and belief, if defendant Dr. Dunlap, had adequately provided the plaintiff with physical therapy, and treatment, instead of a CDCR-115, and "C" status treatemnt of (77) days. The plaintiff's ring finger would not be stiff and painful as it remains to be.

## "CLAIMS FOR RELIEF"

39) The actions by Defendants C. B. Romo, Mcguire, Estrada, D. Johnston, CCI, Dr. J. Dunlap, Mr. M. C. Kramer, Warden. Correctional Sergeants Mejia and Frankina, and D. P. Johnson, CCII. They used official power against the plaintiff, official force without need or provocation or in failing to intervene to prevent the misuse of force by other defendants. The maliciously and sadistically actions constituted Cruel and Unusual Punishment and in violation of the Eighth Amendment to the United States Constitution.

40) The punishment that the plaintiff has received in the hands of the above mentioned defendants, is against the state and federal laws, and cannot be "just" overlooked by this court.

41) The failure of defendant D. P. Johnson, CCII., To take disciplinary or other actions to curb the actions of the defendants against the plaintiff constituted deliberate indifference, and contributed to and proximately caused the above described violations against the plaintiff, and in violation of the Eighth Amendment to the United States Constitution.

## "RELIEF REQUESTED"

**WHEREFORE**: Plaintiff requests that the court grant the following relief:

A) Issue a declaratory judgment stating that:

1) The mental and physical abuse of the plaintiff by the named defendants, violated the plaintiff's rights under the Eighth Amendment to the United States Constitution and constituted an assault and battery under state law.

2) Defendants C. B. Romo, Mcguire, Estrada, D. Johnston, CCI., Dr. J. Dunlap, Sergeants Mejia and Frankina, Mr. M. C. Kramer, Warden, and D. P. Johnson, CCII, Actions in conducting the job positions, the CDCR-115 disciplinary hearings, and Classification Committee, violated the plaintiff's rights under the Due Process Clause of the-

(12)

Fourteenth Amendment to the United States Constitution.

3) The litigation department, Warden, and D. P. Johnson, CCII., Failures to take action to curb the physical and mental abuse of the plaintiff, before, during or even after the released from "C" status of September 05, 2007, violated the plaintiff's rights under the Eighth Amendment to the United States Constitution, and constituted and assault and battery under state law.

4) Defendant Dr. J. Dunlap, actions in failing to provide adequate medical care for the plaintiff, instead, contributed to the abuse of other defendants against the plaintiff, violated, and continue to violate the plaintiffs' rights under the Eighth Amendment to the United States Constitution.

### B) ISSUE AN INJUNCTION ORDERING DEFENDANTS, WARDEN, AND THEIR AGENTS TO:

1) Immediately arrange for the plaintiff to be examined by a qualified physician, or Dr. Torruella, or similar qualified physician;

2) Immediately arrange for the plaintiff's needs for physical therapy or other follow-up medical treatment to be evaluated by a medical practitioner with expertise in the treatment and restoration of function of broken bones, damaged tissue, nerves, etc. And;

3) Carry-out without delays or excuses the treatment directed by such a medical practitioner, or by Dr. Torruella.

(13)

C) ISSUE AN INJUNCTION ORDERING DEFENDANTS TO;

1) Release/restore the plaintiffs' rights and full privileges;

2) Expunge the bogus disciplinary CDCR-115, by the actions of the defendants ("ROMO"). Expunge the disciplinary convictions described in this complaint from the plaintiffs' institutional record.

D) AWARD COMPESATORY DAMAGES IN THE FOLLOWING AMOUNTS:

1) $150.000 jointly and severally against the defendants for the physical and emotional injuries.

2) $50.000 jointly and severally against the defendants for the punishment and emotional injuries to the plaintiff, resulting from their denial of Due Process in connection with the plaintiff's disciplinary proceedings.

3) $100.000 jointly and severally against the defendants for the physical and emotional injuries, resulting from their failure to provide adequate medical care to the plaintiff.

E) AWARD PUNITIVE DAMAGES IN THE FOLLOWING AMOUNTS:

1) $10.000 against each defendants.   $70.000 against Correctional Officer C. B. Romo.

2) $10.000 against each defendants.   $50.000 against Correctional Officer C. B. Romo.

(14)

   3) $20.000 against each defendants.    $200.000 against Correctional Officer C. B. Romo, as a lesson to never do, these type of actions against male inmates.


   F) GRANT SUCH OTHER RELIEF, AS IT MAY APPEAR THAT THE PLAINTIFF IS ENTITLED.


### "FINAL CONCLUSION"

   Final conclusion and request to the court:

   1) Plaintiff, Gilbert I. Serrano, Sr., Is asking for no-money.

   2) 10 percent to be submitted to the FSP, "Old Folsom." To the attention of; Father Thomas Maguire, for church repairs.  And;

   3) The remaining awards to be sent to my family.  My boys, my brothers, my mother, and my daughter... Thank you.


Thursday, October 04, 2007

Plaintiff; Gilbert I. Serrano, Sr.,
Folsom State Prison, "Old Folsom."
P-42238-B1-SAT2-10L
P.O.Box 950
Folsom, California 95763

(15)

# PROOF OF SERVICE BY MAIL

I, Gilbert I. Serrano, Sr, AM A RESIDENT OF FOLSOM STATE PRISON IN THE COUNTY OF SACRAMENTO, STATE OF CALIFORNIA. I AM OVER THE AGE OF 18 YEARS, AND I AM /AM NOT A PARTY TO THIS ACTION.
  MY PRISON NUMBER IS: P-42238
  MY PRISON ADDRESS IS: P.O. BOX 950, Folsom, Ca. 95763


  ON September 04, , 2007, I SERVED A COPY OF THE FOLLOWING DOCUMENT:


  "CIVIL RIGHTS COMPLAINT, JURY TRIAL DEMAND"


  ON THE FOLLOWING PARTIES BY PLACING THE DOCUMENTS IN A SEALED ENVELOPE WITH POSTAGE FULLY PAID, IN THE UNITED STATES MAIL, IN A DEPOSIT BOX SO PROVIDED AT FOLSOM STATE PRISON (MAILBOX RULE), FOLSOM, CALIFORNIA, ADDRESSED AS FOLLOWS:

```
ATTN: CLERK OF THE COURT
NORTHERN DISTRICT OF CALIFORNIA.
P.O.Box 36060
United States Courthouse
280 S. First Street.
San Francisco, CA 94102
```

  THERE IS DELIVERY SERVICE BY THE UNITED STATES MAIL AT THE PLACE SO ADDRESSED, AND/OR THERE IS REGULAR COMMUNICATION BY MAIL BETWEEN THE PLACE OF MAILING AND THE PLACE SO ADDRESSED.

  I DECLARE UNDER THE PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.


  EXECUTED September 04, , 2007, AT FOLSOM, CALIFORNIA..



PRIORITY MAIL
www.usps.com

Folsom State Prison
P.O. Box 715071
Represa, CA 95671

NAME: Gilbert I. Serrano, Sr.,
CDCR#: P42238   Bldg/Bed: B1 - A2 10L

STATE PRISON GENERATED MAIL

ADDRESS TO:
P.O. BOX 715071 Letter, Photos, Stamps only.
P.O. BOX 1790 Money Orders only.
P.O. BOX 950 Legal Mail only.

"CONFIDENTIAL LEGAL MAIL"

ATTN: CLERK OF THE COURT
NORTHERN DISTRICT OF CALIF.
P.O. Box 36060
280 S. First Street.
San Francisco, CA 94102

RECEIVED
OCT 11 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

FSP41-0077